RECEIVED
APR 8 2009
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| BER' NEICE HARRIS | PLAINTIFF |
| VS | CAUSE NO. 2:09CV067-B-A |
| SAM'S TOWN CASINO | DEFENDANT |

**COMPLAINT**
**(Plaintiff demands Trial by Jury)**

The Plaintiff, Ber'Neice Harris, by and through her attorney, files this, her Compliant, and in support thereof would show unto the Court the following:

**JURISDICTION**

1       This is an action on behalf of the Plaintiff arising out of the unlawful employment practices of Sam's Town Casino. Plaintiff demands a trial by jury. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1337 and 1343(4), as well as 42 U.S.C. § 2000e-5(f). This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. §§ 2000e *et seq.* ("Title VII").

**PARTIES AND VENUE**

2.      The Plaintiff, Ber'Neice Harris, is an adult resident citizen of Shelby County, Tennessee, whose resident address is 5258 Crossfield, Memphis, Tennessee 38109.

3.      The Defendant, Sam's Town Casino, is a Boyd Gaming corporation whose central office is located in Las Vegas, Nevada and may be served with process at 6465 South Rainbow Blvd., Las Vegas, Nevada 89118.

4.	This Court has jurisdiction of this action, pursuant to 28 U.S.C. §§ 1343(3) and (4), as well as 28 U.S.C. § 1331. The issues presented herein constitute federal questions arising under the laws and the Constitution of the United States.

5.	The Plaintiff has exhausted administrative remedies as she has filed complaints with the Equal Employment Opportunity Commission (hereinafter "EEOC") and has been issued a right to sue letter, which is attached collectively as Exhibit "A".

6.	Venue is proper in this Court because the cause of action accrued in whole or in part in Tunica County, Mississippi and in the Northern District of Mississippi.

## CAUSES OF ACTION

7.	The Plaintiff realleges and incorporates by reference each allegation contained in the preceding paragraphs.

8.	The actions of the Defendant, by and through its agents or employees, as described hereinabove, constitute an intentional refusal to afford the Plaintiff the full benefits of employment with such Defendant as employer of the employees, on the basis of religion.

9.	The Defendant has discriminated against the Plaintiff in a manner making final injunctive relief appropriate.

10.	The Defendant discriminated against the Plaintiff because of her religious belief, in violation of § 703(a) and § 2000e-2(a)(1) of Title VII.

11.	During the time the Plaintiff was employed by the Defendant, the Defendant discriminated against the Plaintiff with respect to the terms, conditions, and privileges of her employment because of the Plaintiff's religious beliefs. Such

discrimination consisted of terminating the employment of the Plaintiff based on a voluntary, private and mutual conversation about religious beliefs with another employee during a break from work, on the employees' own time.

12. The effect of the Defendant's wrongful policies and practices has been to limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job, deprive her of employment opportunities, and otherwise adversely affects her status as employee because of her religious beliefs, in violation of 42 U.S.C. § 2000e *et seq*. This effect is continuing.

13. The actions of the Defendant constitute an intentional refusal to afford the Plaintiff the same terms, conditions, and privileges of her employment on the basis of religious beliefs.

14. As a further result of the Defendant's wrongful practices, the Plaintiff has been, and continues to be, deprived of income in the form of wages and prospective retirement benefits, and social security and other benefits due to her as an employee solely because of her religious belief in a sum to be proven at trial.

15. The Plaintiff has no plain, adequate, or complete remedy at law to correct the practices described herein, and her request for injunctive relief herein is her only means for securing adequate and complete relief. The Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendant's policies, practices, customs, and usages, as set forth herein.

16. The Defendant has unlawfully discriminated against the Plaintiff by terminating her employment because of her religious belief; failing to remedy discriminatory practices of its supervisory personnel; and otherwise discriminating

against the Plaintiff on the basis of her religious belief.

17. The effect of the policies and practices pursued by the Defendant as alleged above has been, and continues to, limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job and deprive her of employment opportunities, and otherwise adversely affects her status as an employee because of her religion, in violation of 42 U.S.C. § 2000e *et seq.*, Title VII, and the Constitution and laws of the United States.

18. The Defendant has unlawfully discriminated against the Plaintiff by terminating her employment because of her religious belief; failing to remedy discriminatory practices of its supervisory personnel; and otherwise discriminating against the Plaintiff on the basis of religion.

19. The intentional actions of the Defendant, described hereinabove, constitute an intentional refusal to afford the Plaintiff the same right to promotion, training, and salary.

## DAMAGES

20. As a direct result of the aforementioned wrongful conduct of the Defendant, City of Pearl, the Plaintiff has been terminated from her employment and has been denied employment. The Plaintiff is entitled to damages in an amount commensurate with the salary and promotion that the Plaintiff would have received had she not been terminated. The Plaintiff is entitled to damages for embarrassment, humiliation, and emotional distress arising from the aforesaid misconduct of the Defendant.

21. The aforesaid actions of the Defendant constitute a willful, intentional and

wanton disregard for the rights of the Plaintiff, requiring an award of punitive damages in this case.

### DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court (I) declare that the employment practices complained of in this complaint are unlawful in that they violate Title VII; (ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII; (iii) order the Defendant to make the Plaintiff whole by reinstating her with full back pay and reimbursement for loss of pension, retirement, insurance, social security and other monetary and non-monetary benefits, all in amounts to be proved at trial; (iv) order that the Defendant pay to the Plaintiff a sum in excess of $500,000 as compensatory and punitive damages; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the Defendant to pay the Plaintiff's costs and expenses, and reasonable attorney's fees; and (vii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

Respectfully submitted,
Ber' Niece Harris

BY: _____
James D. Bell

James D. Bell, MSB # 02333
BELL & ASSOCIATES, P.A.
318 S STATE STREET
Jackson, MS 39201
Telephone: (601) 981-9221
Facsimile: (601) 981-9958

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Berneice Harris<br>5258 Crossfield<br>Memphis, TN 38109 | From: | Memphis District Office<br>1407 Union Avenue<br>Suite 901<br>Memphis, TN 38104 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 490-2008-02467 | William P. Brown, III,<br>Enforcement Supervisor | (901) 544-0157 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- **NOTICE OF SUIT RIGHTS** -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Katharine W. Kores,
Director

DEC 1 1 2008
(Date Mailed)

Enclosures(s)

cc:
Angela Skinner
Human Resources Director
SAM'S TOWN CASINO
1477 Casino Strip Drive
Robinsonville, MS 38664

James D. Bell
318 S. State St.
Jackson, MS 39201