IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

BER'NEICE HARRIS                                                              PLAINTIFF

V.                                                        CIVIL ACTION NO. 2:09CV67-B-A

BOYD TUNICA, INC.                                                          DEFENDANT

## ORDER

This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, and supporting and opposing authority, the court finds that the motion is well taken and shall be granted.

The sole issue before the court is whether the plaintiff's Title VII case should be dismissed for her failure to timely file her complaint, as it is uncontested that the complaint was filed outside the ninety-day time period provided in the statute. *See* 42 U.S.C. § 2000e-5(f)(1). The plaintiff's right-to-sue letter was issued by the EEOC on December 11, 2008. This action was filed on April 8, 2009. Plaintiff's counsel has provided the court with a detailed explanation for what counsel asserts amounts to clerical error.

While the Fifth Circuit has recognized that the ninety-day filing period is subject to equitable tolling,[1] the doctrine of equitable tolling does not normally apply to situations of attorney "inadvertence" or the "inadvertence of [the] attorney's staff." *Kaura v. Pinkerton Security and Investigation Services*, 965 F. Supp. 16, 17 (S.D. Miss. 1997). "A party is bound by the acts of her lawyer/agent." *Id.* (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89 (1990)).

---

[1] *See Espinoza v. Missouri Pacific Railroad Co.*, 754 F.2d 1247, 1250 (5th Cir. 1985).

For the foregoing reasons, the court finds that the defendant's motion to dismiss should be and the same is hereby **GRANTED**, and this case is **DISMISSED** with prejudice.

This, the 30th day of March, 2010.

_/s/ Neal Biggers_
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**